IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KARLEE WEST,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF THE INTERIOR and THE UNITED STATES BUREAU OF RECLAMATION,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS<br><br><br>Case No. 2:25-cv-00286-JNP-JCB<br><br>District Judge Jill N. Parrish |

Plaintiff Karlee West sued the United States Department of the Interior and the United States Bureau of Reclamation (collectively, the defendants), asserting a hostile work environment claim under Title VII of the Civil Rights Act. Before the court is a motion to dismiss the action filed by the defendants. ECF No. 6. The motion is GRANTED.

## BACKGROUND

West worked for the Bureau of Reclamation. In September 2023, one of her coworkers sent her an offensive photograph. The next day, West reported the harassing conduct to her supervisor. A few days later, the supervisor reprimanded the coworker and told him not to have any contact with West. Despite the warning, the coworker messaged West a one-sentence apology.

About a month later, West's supervisor decided to initiate an investigation of the incident under Personnel Bulletin No: 18-01 (PB 18-01) issued by the Department of the Interior, the parent department of the Bureau of Reclamation. The purpose of PB 18-01 is defined as follows:

> This Personnel Bulletin updates and amends the Department's policy on providing a work environment free from harassment by (1) defining unacceptable conduct that violates this policy; (2)

> outlining the rights and responsibilities of employees, supervisors, and managers; and (3) establishing reporting procedures and accountability measures. These procedures ensure that appropriate officials are notified of, and have the opportunity to promptly correct, harassing conduct that is, or has the potential to become, so severe or pervasive as to constitute a legal claim of harassment.
>
> This policy is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or equity by a party against the United States, its departments, agencies, instrumentalities or entities, its officers or employees, or any other person.

ECF No. 6-1 at 1.[1] The Personnel Bulletin further clarifies that the procedures outlined therein are not substitutes for Equal Employment Opportunity (EEO) administrative proceedings:

> This policy and its reporting procedures are separate and distinct from the EEO process, which focuses on making employees whole after they have experienced discrimination (including harassment) by issuing remedial relief, such as compensatory damages. This policy does not replace an employee's EEO or other rights. Corrective action taken under this policy does not provide the remedies available in the EEO process, administrative or negotiated grievance procedures, or any other processes. Reporting allegations of misconduct under this policy ***does not*** satisfy the requirements for filing an EEO complaint, administrative or negotiated grievance, or other procedure, ***nor does it delay the time limits for initiating those procedures***.

*Id.* at 4; *accord id.* at 12 (reaffirming that filing a report under PB 18-01 "does ***not*** satisfy the requirements for filing an EEO complaint").

---

[1] The court takes judicial notice of PB 18-01 because the document is published on the Department of the Interior's official website, and its contents cannot be reasonably questioned. *See* FED. R. EVID. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (holding that when resolving a Rule 12(b)(6) motion to dismiss, courts must consider "matters of which a court may take judicial notice").

On February 20, 2024, West received formal notification of the investigation pursuant to PB 18-01. On March 7, 2024, the Bureau of Reclamation contacted an investigator employed by the United States Post Office to serve as a third-party investigator for the PB 18-01 process. On March 8, 2024, the investigator interviewed West remotely over Teams.

On March 13, 2024, West contacted her local Civil Rights Division Equal Employment Opportunity Office and requested an EEO investigation. On March 15, 2024, the EEO counselor assigned to West's case interviewed West's coworker, who admitted to sending the offensive picture. On April 12, 2024, the EEO counselor delivered a "Notice of Right to File a Formal Complaint" to West. The notice stated: "Since the matters you presented were not resolved, you are now entitled to file a discrimination complaint." ECF No. 2-2 at 1. It further instructed West how to file a formal EEO complaint and advised her that in order to preserve her rights, she "**must** file a formal complaint of discrimination **WITHIN 15 CALENDAR DAYS** of the receipt of this notice." *Id.* West did not file a formal EEO complaint.

In May 2024, the coworker who had sent the offensive picture was reassigned to a different office. On August 1, 2024, West received notice that the PB 18-01 investigation was complete. The notice stated that management was prohibited from sharing the report or revealing any personnel actions taken in connection with the investigation. On August 23, 2024, the coworker retired from his position at the Bureau of Reclamation.

On April 14, 2025, West sued the Department of the Interior and the Bureau of Reclamation, asserting a Title VII hostile work environment claim. The defendants move to dismiss on two grounds. First, they argue that West's action should be dismissed because she named government agencies as the defendants rather than the heads of those agencies. Second, the defendants assert that the action should be dismissed because West failed to exhaust her

3

administrative remedies. In her response brief, West acknowledges her error in failing to name the heads of the agencies and requests leave to amend her complaint to remedy the error. West also argues that her failure to exhaust her administrative remedies before the EEOC should not bar her from pursuing her Title VII claim in this court.

## ANALYSIS

A federal employee asserting a claim under Title VII must exhaust his or her administrative remedies prior to filing a lawsuit. *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020). In order to satisfy the exhaustion requirement, the employee must file an EEO complaint, 29 C.F.R. § 1614.106(a), and pursue his or her claims through the entire administrative process, *Dossa v. Wynne*, 529 F.3d 911, 914 (10th Cir. 2008). A failure to exhaust these administrative remedies is an affirmative defense that may be raised by a federal employer. *Hickey*, 969 F.3d at 1118. Because it "is a mandatory rule . . . the court must enforce this exhaustion requirement if the employer properly raises it." *Id.*

West does not dispute that she failed to exhaust her administrative remedies. Instead, she argues that the court should not enforce the administrative exhaustion requirement in this case because the defendants are at fault for her failure to complete the EEO administrative process. West contends that the defendants unreasonably delayed their PB 18-01 investigation and failed to comply with a number of deadlines mandated by that policy. She also faults the defendants for refusing to provide a copy of the final report of the PB 18-01 investigation to her attorney. In essence, West argues that these deficiencies in the PB 18-01 investigation equitably estop the defendants from asserting a failure-to-exhaust defense to her Title VII claim.

Because a failure to exhaust administrative remedies is an affirmative defense, it is "subject to the same waiver and estoppel principles that govern other affirmative defenses." *Hickey*, 969

4

F.3d at 1118. For example, where a federal employee alleged that his employer misinformed him regarding his right to appeal from his termination and that he had no way of knowing how to initiate an investigation, the employee's failure to comply with the deadline for contacting the EEO office to initiate an investigation was excused under the doctrine of equitable estoppel. *Richardson v. Frank*, 975 F.2d 1433, 1435 (10th Cir. 1991). However, equitable doctrines for defeating an administrative exhaustion defense "are to be applied sparingly." *Hickey*, 969 F.3d at 1118 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). "[P]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Id.* (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam)).

In this case, equitable principles do not bar enforcement of the administrative exhaustion requirement because any alleged deficiencies in the defendants' handling of the PB 18-01 investigation had no effect on West's ability to complete the EEO administrative process. As PB 18-01 makes abundantly clear, this internal policy designed to prevent and address harassment in the workplace is completely separate from the EEO administrative proceedings. Any failure to meet deadlines mandated by PB 18-01 or refusal to provide a copy of the final report did not hinder West's ability to file an EEO complaint or to participate in those proceedings. Accordingly, the defendants are not equitably estopped from asserting West's failure to exhaust her administrative remedies as a complete defense to the Title VII claim.

## CONCLUSION

Because West failed to exhaust her administrative remedies, the court dismisses this action with prejudice. West's request to amend her complaint to substitute the heads of the Bureau of Reclamation and the Department of the Interior as the defendants in this case is denied as moot.

DATED March 25, 2026.

BY THE COURT

Jill N. Parrish
United States District Court Judge